_____

No. 95-3705

_____

USAA Casualty Insurance        *
Company,                       *
                               *
          Appellee,            *
                               *
     v.                        *
                               *
William A. Striplin, Jr.;      *
Kimberly Striplin,             *
                               *
          Defendants,          *
                               *
Donna Walters, Individually    *
and as Administratrix of the   *
Estate of Shawna Walters;      *
Julie Stump,                   *
                               *
          Appellants,          *
                               *
Donald Douglas; Billy Tobler,  *
                               *
          Defendants.          *

     _____                    Appeal from the United States
                                    District Court for the
     No. 95-4014                    Western District of Arkansas.

     _____                         [UNPUBLISHED]

USAA Casualty Insurance        *
Company,                       *
                               *
          Appellee,            *
                               *
     v.                        *
                               *
William A. Striplin, Jr.;      *
Kimberly Striplin; Donna       *
Walters, Individually and as   *
Administratrix of the Estate of *
Shawna Walters; Julie Stump;   *
Donald Douglas,                *
                               *
          Defendants,          *
                               *
Billy Tobler,                  *
                               *
          Appellant.           *

_____

Submitted:   April 12, 1996

Filed:   April 19, 1996
_____

Before FAGG, BOWMAN, and HANSEN, Circuit Judges.
_____

PER CURIAM.


USAA Casualty Insurance Company (USAA) sought a declaration that an automobile insurance policy it had issued did not provide coverage for any injuries or claims arising out of a June 1994 one-vehicle accident.  The District Court[1] granted USAA's motion for summary judgment.  Julie Stump, Billy Tobler, and Donna Walters, individually and as administratrix of the estate of Shawna Walters, appeal.  We affirm.


The relevant facts are undisputed.  William A. Striplin, Jr., was the named insured under an automobile insurance policy USAA issued.  On April 12, 1994, USAA mailed Striplin a cancellation notice, indicating that his premium had not been paid and that the policy would be canceled for nonpayment on April 27, unless the premium was received postmarked before the effective date of the cancellation.  Based on its April 28 receipt of a check from Striplin in an envelope postmarked April 25, USAA issued a letter dated May 5, stating that the cancellation notice was rescinded.  The letter also stated, however, that if the payment failed to clear the bank, the cancellation notice remained in effect and coverage would cease according to the terms of the April 12 cancellation notice.  USAA deposited the check, which was returned on May 12 and again on May 19 with notations that there were insufficient funds in Striplin's account to cover the check.  By

_____

[1]The Honorable H. Franklin Waters, Chief Judge, United States District Court for the Western District of Arkansas.

-2-

letter dated May 27 and postmarked June 4, USAA notified Striplin that his policy was canceled effective April 27.  Also on June 4, at approximately 1:48 a.m., Striplin's vehicle was involved in an accident.  As a result of injuries sustained in the accident, Shawna Walters died.  Striplin and the other passengers were injured.

Appellants argue that the policy was in effect at the time of the accident, because USAA failed to give sufficient notice of cancellation. We disagree.  If cancellation of an insurance policy is for nonpayment of the premium, Arkansas law requires "at least ten (10) days' notice of cancellation."  Ark. Stat. Ann. § 23-89-304(a)(2) (Michie 1992).  USAA gave such notice on April 12.  On May 5, USAA conditionally rescinded the notice, see Leigh Winham, Inc. v. Reynolds Ins. Agency, 651 S.W.2d 74, 77 (Ark. 1983) (receipt of check as premium payment is regarded as conditional and will not prevent forfeiture of policy for nonpayment of premium), but when Striplin's check failed to clear, the cancellation notice became effective.  Striplin's policy was therefore not in effect when the accident occurred on June 4.

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.